IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY PRYOR, *et al.*,

      Plaintiffs,

  v.

PAT HURLEY, *et al.*,

      Defendants.

Case No. 2:05-CV-936

JUDGE JOHN D. HOLSCHUH

Magistrate Judge Norah McCann King

## OPINION AND ORDER

This is an action under 42 U.S.C. § 1983 by Anthony Harper ("plaintiff"), an inmate at the Ross Correctional Institution ("RCI") in Chillicothe, Ohio. This matter is currently before the Court on *Plaintiff's Objection to the Report and Recommendation Filed on July 7, 2006* ("*Plaintiff's Objection*"), Doc. No. 40. For the reasons that follow, *Plaintiff's Objection* is **DENIED** and the *Opinion and Order and Report and Recommendation* issued on July 7, 2006, Doc. No. 28, is hereby **ADOPTED AND AFFIRMED**.

I.    RELEVANT FACTS

On July 7, 2006, United States Magistrate Judge King issued an *Opinion and Order and Report and Recommendation*, Doc. No. 28, denying *Plaintiff's Motion to Strike ODRC Defendants' Motion to Dismiss*, Doc. No. 16, and *Plaintiff's Motion to Strike Defendant Steckman's Answer*, Doc. No. 23, and recommending that *Plaintiff's Motion for Default Against Defendant Steckman*, Doc. No. 15, and *Plaintiff's Motion for Summary Judgment Against Defendant Steckman*, Doc. No. 25, be denied.

On August 14, 2006, that *Report and Recommendation* was adopted and affirmed on the

basis that no objection had been filed. Doc. No. 31. Plaintiff moved for reconsideration of that order, Doc. No. 33, asserting that he had not received a copy of the original *Report and Recommendation*. Thereafter, the Clerk was expressly directed to mail a copy of that *Report and Recommendation* to plaintiff, and plaintiff was granted an additional period of time in which to file objections to that *Report and Recommendation*. Doc. No. 34. This matter is now before the Court on plaintiff's September 22, 2006, objections to that *Opinion and Order and Report and Recommendation*. Doc. No. 40 (*"Plaintiff's Objections"*).

**II.     STANDARDS**

Plaintiff objects to the *Opinion and Order and Report and Recommendation* as it relates to two nondispositive motions and two dispositive motions. Consequently, this Court must enlist two different standards of review.

> Thus, [28 U.S.C.] § 636(b) creates two different standards of review for district courts when a magistrate judge's finding is challenged in district court. A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the *de novo* standard. *See id.* at 674.

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

**III.    ANALYSIS**

   **A.     *Plaintiff's Motion to Strike ODRC Defendants' Motion to Dismiss***

In *Plaintiff's Motion to Strike ODRC Defendants' Motion to Dismiss*, plaintiff moved under Fed. R. Civ. P. 12(f), requesting that the motion to dismiss filed on behalf of the ODRC defendants be stricken as untimely. Magistrate Judge King denied plaintiff's motion, reasoning that the drastic remedy of striking the motion to dismiss was unwarranted and that defendants'

request for an extension of time in which to respond to the complaint was meritorious. *See Opinion and Order and Report and Recommendation* at 5-6 ("Federal Rule of Civil Procedure 6(b)(2) confers on this Court discretion to grant a motion for an enlargement of time 'where the failure to act was the result of excusable neglect.'"). Further, the magistrate judge stated:

> Moreover, plaintiff points to no evidence that the ODRC defendants acted in bad faith nor does he articulate any prejudice suffered by him as a consequence of the timing of the filing -- which under even plaintiff's calculations was a mere one week late. *See Alternative Travel, Inc.* [*v. Worldspan L.P.*, 52 Fed. Appx. 693, 698-99 (6th Cir. 2002) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993))]. Under these circumstances, any neglect in the filing of the *ODRC Defendants' Motion to Dismiss* is, without question, excusable. *See* Fed. R. Civ. P. 6(b)(2).

*Opinion and Order and Report and Recommendation* at 6.

Plaintiff does not object to the magistrate judge's extension of the time in which to file the motion to dismiss, but instead argues only that "plaintiff does not see a drastic remedy in Striking the Defendants (*sic*) motion to Dismiss." *Plaintiff's Objections* at 2. The magistrate judge set forth the correct law governing plaintiff's motion to strike and properly applied that law to the facts presented. This Court concludes that the magistrate judge's resolution of plaintiff's motion to strike is neither clearly erroneous nor contrary to law. *See Curtis*, 237 F.3d at 603; 28 U.S.C. § 636(b)(1)(A).

Accordingly, *Plaintiff's Objection*, as it relates to the denial of *Plaintiff's Motion to Strike the ODRC Defendants' Motion to Dismiss*, Doc. No. 16, is **DENIED**.

      **B.**     *Plaintiff's Motion to Strike Defendant Steckman's Answer*

In *Plaintiff's Motion to Strike Defendant Steckman's Answer*, plaintiff, invoking Fed. R. Civ. P. 12(f), asked that defendant Steckman's answer be stricken as untimely. Magistrate Judge King denied plaintiff's motion, reasoning as follows:

> In any event, however, it is unnecessary to decide whether the answer was timely or untimely filed because plaintiff has suffered no prejudice as a result of the timing of the filing. Any lateness in the filing, now remedied, is not the sort of misconduct that should result in the imposition of the "drastic remedy" requested by plaintiff. *See AT&T Global Information Solutions Co.* [*AT&T Global Information Solutions Co. v. Union Tank Car Co.*, 1997 U.S. Dist. LEXIS 6090, C2-94-876, 1997 WL 382101 (S.D. Ohio Mar. 31, 1997) (citing *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *Morrow v. South*, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.")].

*Order and Opinion and Report and Recommendation* at 4.

Plaintiff takes the position that both the Federal Rules of Civil Procedure and this Court's Local Rules require that all parties strictly adhere "to the letter" of those rules and that, because defendant Steckman's answer was untimely, it must be stricken. *Plaintiff's Objection* at 1. Additionally, plaintiff contends that he suffers prejudice by the denial of the motion to strike because "it is assumed that if the Plaintiff filed a document untimely that it would immediately (*sic*) dismissed, or the Defendant's (*sic*) would file a Motion to Strike, based (*sic*) untimely filing." *Id.* Plaintiff's arguments are without merit.

Plaintiff's speculations are not tantamount to actual prejudice. Moreover, Rule 1 of the Federal Rules of Civil Procedure provides that those rules are to be construed in a fashion so as to secure the "just, speedy, and inexpensive" determination of every action. Fed. R. Civ. P. 1. This Court, again, concludes that the magistrate judge properly analyzed plaintiff's motion to strike and the denial of that motion is neither clearly erroneous nor contrary to law. Accordingly, *Plaintiff's Objection*, as it relates to the denial of *Plaintiff's Motion to Strike Defendant Steckman's Answer*, Doc. No. 23, is **DENIED**.

  **C.**   ***Plaintiff's Motion for Default Against Defendant Steckman***

Plaintiff also objects to the magistrate judge's recommended denial of his motion for default against defendant Steckman, arguing:

> When a Default Motion is filed within this Honorable Court, according to the Fed. R. Civ. P. 55(b)(1), it is **not** the court's discretion to find default or not to find default. . . . According to Fed. R. Civ. P. 55(b)(1) it is mandatory that the default be granted. . . . The word **shall** . . . shows that the intent of this rule is to be mandatory.

*Plaintiff's Objections* at 3 (emphasis in original).

The rule that plaintiff invokes, Fed. R. Civ. P. 55(b)(1), is inapplicable to this case. That rule, by its express terms, governs the entry of default judgment **by the Clerk** when the claim is for a sum certain.[1] This is not such a case. Moreover, plaintiff did not first file an application with the Clerk for entry of default under Rule 55(a). In any event, as the Magistrate Judge properly noted, an application for entry of default judgment by the Court is properly addressed to the discretion of the Court. *See Opinion and Order and Report and Recommendation* at 6-9 (citing to *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990) : "Trials on the merits are favored in the federal courts, and "a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 200 U.S. App. D.C. 319, 627 F.2d 372, 373-74 (D.C. Cir. 1980)).

---

[1](b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due <u>shall enter judgment</u> for that amount and costs against the defendant, <u>if the defendant has been defaulted for failure to appear</u> and is not an infant or incompetent person.

Rule 55(b)(1) (emphasis added).

5

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of this portion of the *Report and Recommendation* and agrees with the recommended disposition of *Plaintiff's Motion for Default Against Defendant Steckman*, Doc. No. 15. *Plaintiff's Objection* in this regard is without merit and is **DENIED**.

### D. *Plaintiff's Motion for Summary Judgment Against Defendant Steckman*

In *Plaintiff's Objection*, plaintiff also objects to the Magistrate Judge's recommendation that plaintiff's motion for summary judgment against defendant Steckman be denied. Plaintiff's motion for summary judgment is, again, based solely on defendant Steckman's alleged failure to timely respond to the complaint. The Magistrate Judge characterized any such failure as a consequence of excusable neglect within the meaning of Fed. R. Civ. P. 6(b), and reasoned that, in any event, the Court's strong preference for deciding cases on the merits militated against the grant of plaintiff's motion for summary judgment, particularly in the absence of any prejudice accruing to plaintiff.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of this portion of the *Report and Recommendation* and agrees with the recommended disposition of *Plaintiff's Motion for Summary Judgment Against Steckman*, Doc. No. 25. *Plaintiff's Objection*, is without merit and is therefore **DENIED**.

**WHEREUPON** *Plaintiff's Objections*, Doc. No. 40, are **DENIED.** The *Opinion and Order and Report and Recommendation*, Doc. No. 28, is hereby **ADOPTED AND AFFIRMED**. *Plaintiff's Motion for Default Against Defendant Steckman*, Doc. No. 15, and *Plaintiff's Motion for Summary Judgment Against Defendant Steckman*, Doc. No. 25, are

**DENIED**.


Date: October 5, 2006                               **/s/ John D. Holschuh**
                                                    John D. Holschuh, Judge
                                                    United States District Court