IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY PRYOR,** *et al.*, | Case No. 2:05-CV-936 |
| **Plaintiffs,** | JUDGE JOHN D. HOLSCHUH |
| v. | Magistrate Judge Norah McCann King |
| **PAT HURLEY,** *et al.*, | |
| **Defendants.** | |

**REPORT AND RECOMMENDATION**

This is an action under 42 U.S.C. § 1983 brought by Anthony Harper ("plaintiff") who is an inmate at the Ross Correctional Institution in Chillicothe, Ohio ("RCI").  This matter is before the Court on the *Motion for Judgment on the Pleadings by Defendants Clerk of Courts, Fairfield County Court of Common Pleas and Juvenile Division, Ron Balser, Clerk of Courts, Diana Steckman, and Trevor Buehler, Court Administrator Fifth Appellate District* ("*Clerks' Motion for Judgment on the Pleadings*").  Doc. No. 45.  For the reasons set forth below, it is **RECOMMENDED** that this motion be **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND**

Plaintiff's claims in this action are based upon his case in the Court of Common Pleas for Fairfield County, Ohio, Juvenile Division ("the trial court"), Case Number 2002-AB-78.  *Complaint* at 1 and *Exhibits I, S, W*[1] attached thereto.  Plaintiff alleges that defendants Diana Steckman, who works in the trial court's clerk's office, and Ron Balser, who works in the clerk's

---

[1]All exhibits referred to herein are attached to the *Complaint*.

office of the Court of Appeals for the Fifth Appellate District ("court of appeals") and Trevor Buehler, administrator for the court of appeals, denied him the right to access the courts secured by the First Amendment to the United States Constitution and the right to due process of law secured by the Fifth and the Fourteenth Amendments to the United States Constitution. *Id.* at 1-2. Plaintiff specifically alleges that, on May 6, 2005, the trial court issued an order adverse to plaintiff. *Id.* at 10 and *Exhibits A, B*. On May 26, 2005, plaintiff timely mailed a notice of appeal to the office of the clerk of the trial court but that defendant Steckman purposely refused to file the notice until June 9, 2005, which was beyond the time for filing a notice of appeal. *Id.* and *Exhibit E*. The court of appeals dismissed the appeal as untimely:

> It appears from the face of the Notice of Appeal that was filed on June 9, 2005, that Appellant is attempting to appeal a judgment on May 6, 2005. As such, from the face of the Notice of Appeal, it appears the within appeal is untimely.

*Id.* at 10-11 and *Exhibit I*.

On June 10, the trial court issued a second order adverse to plaintiff. *Id.* at 11 and *Exhibit F*. Plaintiff alleges that he was prevented from timely filing a notice of appeal of this decision because of improper procedures at RCI. *Id.* at 11 and *Exhibits F, H*. The court of appeals dismissed this appeal as well:

> This Court hereby *sua sponte* dismisses the within appeal filed by Appellant, Anthony Pryor, for want of a timely Notice of Appeal. It appears from the face of the Notice of Appeal that was filed on July 18, 2005, that Appellant is attempting to appeal a judgment on June 10, 2005. As such, from the face of the Notice of Appeal, it appears the within appeal is untimely.

*Id.* at 16 and *Exhibit W*.

Plaintiff alleges that he notified defendants Balser and Buehler of defendant Steckman's refusal to timely file his notice of appeal, and of improper behavior by employees of RCI, and of

2

the consequent untimely notices of appeal. *Id.* at 12-16 and *Exhibits L, M, N, Q*. Plaintiff complains that Balser and Buehler refused to correct the mistakes of Steckman and the prison employees and to accept as properly filed his untimely appeals. *Id.* at 5-6.[2]

## II. STANDARD

The moving defendants ask that the claims against them be dismissed pursuant to Fed. R. Civ. P. 12(c). Fed. R. Civ. P. 12(h)(2) provides that a Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted can be raised after an answer has been filed by a motion for judgment on the pleadings pursuant to Rule 12(c). *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). Where a Rule 12(b)(6) defense is raised pursuant to a 12(c) motion, this Court must apply the standard for a Rule 12(b)(6) motion. *Id.*

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994).

## III. ANALYSIS

In the *Clerks' Motion for Judgment on the Pleadings*, defendants Balser, Steckman and Buehler invoke the protection of quasi-judicial immunity. These court employees claim immunity, they reason, because plaintiff "sought out a response from defendants in their capacities as officers of the Court . . . ." *Clerks' Motion for Judgment on the Pleadings* at 3. In

---

[2]Other claims against other defendants have been dismissed by prior orders of this Court.

3

response, plaintiff argues that the functions performed by these three defendants were not judicial in nature and that they may therefore not invoke the protections of quasi-judicial immunity.

"Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered to be figurative arms of the very commanding judge who is immune." *Shelton v. Wallace*, 886 F. Supp. 1365, 1373 (S.D. Ohio 1995) (citing, *inter alia*, *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994)).  However, "judges and other court officers are not absolutely immune from suits based on performance of non-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (*per curiam*) (citing *Forrester v. White*, 484 U.S. 219 (1988)).  In determining whether the specific actions of a government official are so integral to the judicial process as to qualify for the protection of quasi-judicial immunity, the United States Supreme Court has articulated a functional approach which looks to the nature of the function performed, not the identity of the actor who performed it. *Forrester*, 484 U.S. at 229.  *See also Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 438 (6th Cir. 2006) ("[I]n determining immunity, we examine 'the nature of the function performed, not the identity of the actor who performed it.'") (citations omitted). Consequently, the task of this Court is to determine whether the actions complained of are judicial or non-judicial in nature.

"Clearly, the paradigmatic judicial act is the resolution of a dispute between parties who have invoked the jurisdiction of the court.  After this easy case, though, the lines are not always clear." *Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989) (internal citation omitted).  The United States Court of Appeals for the Sixth Circuit has concluded that requiring filing fees to be

4

paid before filing a case is judicial in nature. *See Johns v. Bonnyman*, 109 Fed. Appx. 19, 21-22 (6th Cir. 2004).

With regard to defendants Balser and Buehler, employees of the court of appeals, the Court concludes that the conduct about which plaintiff complains was judicial in nature. Based on the facts as alleged by plaintiff, these individuals were simply enforcing court rules that require that an appeal be timely filed. *See Bonnyman*, *supra*. It is simply not apparent that these defendants have the discretion to ignore the rules of the court of appeals in order to "correct" alleged misconduct of trial court employees or Ohio prison employees. These defendants are therefore entitled to the protection of quasi-judicial immunity.

Plaintiff also alleges that defendant Steckman deliberately refused to file plaintiff's timely submitted notice of appeal, causing his appeal to be dismissed. These allegations are similar to those presented in *Scott v. Evans*, 2006 U.S. Dist. LEXIS 11326, Case No. 01-10274-BC (E.D. Mich. Mar. 1, 2006). In *Evans*, the plaintiff "made repeated attempts to present, persuade, and otherwise convince the Livingston County clerk defendants to place his proofs of service in the court file. He alleges that they were intransigent, and as a result his complaint for judicial review of an adverse prison disciplinary proceeding was dismissed." *Id.* at *17. In characterizing the clerks' actions as non-judicial in nature, that court explained:

> According to the complaint, these clerks were not carrying forward a directive of a judge, executing the prescribed functions of their office, making a decision, or interpreting a procedural rule. They simply failed or refused to carry out a ministerial act. Their acts cannot be considered as essentially "judicial," and they cannot claim immunity from liability in such a case.

*Id.*

This Court is persuaded that the reasoning of *Evans* is applicable to the allegations

5

against defendant Steckman. Plaintiff alleges that this defendant refused to carry out the ministerial act of filing a tendered notice of appeal promptly upon receipt. "Certainly, receiving and filing court papers are important tasks, but when those acts are purely ministerial, as here, the umbrella of judicial immunity cannot be spread so wide." *Id.* at * 19. This Court therefore holds that the protection of quasi-judicial immunity does not extend to defendant Steckman in this instance.

It is therefore **RECOMMENDED** that the *Clerks' Motion for Judgment on the Pleadings*, Doc. No. 45, be **GRANTED** in part and **DENIED** in part. Specifically, it is **RECOMMENDED** that the motion be **GRANTED** as to defendants Ron Balser and Trevor Buehler and **DENIED** as to defendant Diana Steckman.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>July 17, 2007</u>         <u>  *s/Norah McCann King*     </u>
Date                  Norah McCann King
                      United States Magistrate Judge