```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**ANTHONY PRYOR,**
            **Plaintiff,**
    vs.                                     **Civil Action 2:05-CV-936**
                                                          **Judge Holschuh**
                                                          **Magistrate Judge King**

**PAT HURLEY, Warden,**
*et al.,*
            **Defendants.**

<u>**OPINION AND ORDER**</u>

        Plaintiff, a state inmate, brings this action under 42 U.S.C. §1983, alleging a denial of his right of access to the courts and to due process of law.  The remaining defendants are employees associated with the Fairfield County Court of Common Pleas, Juvenile Division, and the Court of Appeals for the Fifth Appellate District.  Plaintiff alleges that defendant Steckman, an employee of the trial court clerk's office, refused to timely file a notice of appeal submitted by plaintiff, resulting in the dismissal of plaintiff's appeal as untimely.  Plaintiff also alleges that he notified defendants Balser and Buehler, employees associated with the court of appeals, of defendant Steckman's alleged refusal to timely file his notice of appeal, and of improper alleged behavior by prison employees, but that these defendants improperly failed to correct or remedy the alleged wrongdoing.  On July 17, 2007, the Magistrate Judge issued a *Report and Recommendation* addressing the motion for judgment on the pleadings filed on behalf of these defendants.  Doc. No. 45.  As the motion relates to defendants Balser and Buehler, the Magistrate Judge recommended that the motion be granted; as it relates to defendant Steckman, the Magistrate Judge recommended that the motion be denied.  Doc. No. 47.  This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* Doc. No. 54, which the Court will consider *de novo.*  See 28 U.S.C. §636(b).

In her *Report and Recommendation,* the Magistrate Judge reasoned that defendants Balser and Buehler were entitled to the protection of quasi-judicial immunity:

> With regard to defendants Balser and Buehler, employees of the court of appeals, the court concludes that the conduct about which plaintiff complains was judicial in nature. Based on the facts as alleged by plaintiff, these individuals were simply enforcing court rules that require that an appeal be timely filed. *See* [*Johns v. Bonnyman,* 109 Fed. Appx. 19, 21-22 (6th Cir. 2004)]. It is simply not apparent that these defendants had the discretion to ignore the rules of the court of appeals in order to "correct" alleged misconduct of trial court employees or Ohio prison employees.

*Report and Recommendation,* at p.5. In his objections, plaintiff concedes that defendants Balser and Buehler "may have been acting in a judicial nature when it came to the Plaintiff's request for the Defendants' to have his Notice of Appeal filed as timely because the Court does require this type of document to be filed within thirty (30) days of the previous judgment entry." *Plaintiff's Objection to Report and Recommendation,* at 1, Doc. No. 54. However, plaintiff also argues that these defendants "should have investigated the Plaintiff's concerns in some type of manner." *Id.,* at 2.

> These Defendants should have investigated Defendant Diana Steckman as to the allegations that the Plaintiff was bringing to them, brought it to the Judge's attention, and be on the lookout for the Plaintiff's second Notice of Appeal (same case, different issue) to determine if Defendant Steckman would fail to perform the same acts as before.

*Id.*

In making this argument, plaintiff points to no authority for the proposition that defendants Balser and Buehler were charged with supervising the work of employees of another court or the prison system. They owed no duty to plaintiff to correct or prohibit alleged wrongdoing by any such individuals. Any failure on their part to independently

**2**

investigate plaintiff's allegations did not cause plaintiff to be subjected to a constitutional deprivation, as alleged by him.

In short, the Court agrees with the reasoning of the Magistrate Judge that defendants Balser and Buehler are entitled to quasi-judicial immunity and that the motion for judgment on the pleadings, as it relates to the claims asserted against these individuals, should be granted.  Plaintiff's objections are therefore **DENIED.**

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  The motion for judgment on the pleadings, Doc. No. 45, is **GRANTED IN PART** and **DENIED IN PART.**  Defendants Balser and Buehler are **DISMISSED** from this action.


Date: September 18, 2007          **/s/ John D. Holschuh**
                                  John D. Holschuh, Judge
                                  United States District Court