IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY PRYOR,
        Plaintiff,

  vs.                            Civil Action 2:05-CV-936
                                  Judge Holschuh
                                  Magistrate Judge King

PAT HURLEY, Warden,
*et al.*,
        Defendants.


**REPORT AND RECOMMENDATION**

      Plaintiff, a state prisoner, alleges that he was denied his right of access to the courts and to due process of law. The only remaining defendant is Diana Steckman, an employee with the Fairfield County Court of Common Pleas, Juvenile Division. Plaintiff specifically alleges that defendant Steckman refused to timely file a notice of appeal submitted by him, resulting in the dismissal of plaintiff's appeal as untimely. This matter is now before the Court on the motion for summary judgment filed by defendant Steckman. Doc. No. 60. Plaintiff's motion to amend the *Affidavit of Buela Pryor*, Doc. No. 63, is **GRANTED.**

      Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Moreover, [a] "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to

testify on the matters stated." F.R. Civ. P. 56(e). A court considering a motion for summary judgment may not consider hearsay evidence submitted either in support of or in opposition to summary judgment. *U.S. Structures, Inc. v. J.P. Structures, Inc.,* 130 F.3d 1185, 1189 (6th Cir. 1997). "Hearsay is a statement, other than one made by the declarant ... offered in evidence to prove the truth of the matter asserted." Fed.R. Evid. 801(c). (internal quotation omitted). Hearsay not within one of the prescribed hearsay exceptions is inadmissible. *See* Fed.R. Evid. 802.

In support of her motion for summary judgment, defendant Steckman states that she has " no personal knowledge of the allegations" against her. *Affidavit of Diana Steckman*, ¶4, attached to *Motion for Summary Judgment*, Doc. No. 60. Moreover, it was a different deputy clerk, no longer employed by the court, who was responsible for cases such as plaintiff's at the time plaintiff submitted his notice of appeal for filing. *Id.,* ¶5. Defendant Steckman represents that "[a]t no time did [she] purposely fail or refuse to file Notices of Appeal claimed to have been sent to the clerk of courts office by Mr. Pryor." *Id.,* ¶8.

In response, plaintiff submits his own declaration, executed pursuant to 28 U.S.C. §1746, in which he states, *inter alia,* that he "contacted the Defendant clerk of courts and was given Defendant Steckman's name as the person responsible for not filing the matters outlined in the complaint." *Plaintiff's Declaration*, ¶1, attached to *Plaintiff's Memorandum Opposing Motion for Summary Judgment by Defendant Diana Steckman*, Doc. No. 62.[1] Plaintiff also submits the

---

[1] Although plaintiff refers to the clerk of courts as a defendant in this action, in fact, the clerk is not a named defendant.

2

declaration of Beula M. Pryor who states that she overheard a conversation between plaintiff and "an employee of the court (name unknown)." According to Ms. Pryor, plaintiff "asked this employee who was responsable for documents recieved by mail within the juvinile during the months of May, June and July 2005. The employee of the Fairfield Court of Common Pleas, Juvinile Div. stated that the person responsable during that time was Diana Steckman [sic]." *Declaration of Buela M. Pryor,* attached to *Plaintiff's Memorandum Opposing Motion for Summary Judgment by Diana Steckman.*

The declarations of plaintiff and Beula Pryor are based, not on their own personal knowledge, but on the out of court statement of another, unidentified, person as to defendant Steckman's alleged involvement in the filing of plaintiff's notice of appeal. As previously stated, because this statement is hearsay, the court cannot consider this statement. Moreover, after excluding this improper hearsay statement, there is no evidence controverting defendant Steckman's assertion that she did not refuse to timely file plaintiff's notice of appeal.

Under these circumstances, the motion for summary judgment must be granted.

It is therefore **RECOMMENDED** that the motion for summary judgment filed by defendant Diana Steckman, Doc. No. 60, be **GRANTED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be

filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

June 30, 2008                                     *s/Norah McCann King*
                                                  Norah McCann King
                                         United States Magistrate Judge