```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

ANTHONY PRYOR,
        Plaintiff,

  vs.                            Civil Action 2:05-CV-936
                                      Judge Holschuh
                                      Magistrate Judge King

PAT HURLEY, Warden,
*et al.*,
        Defendants.

### OPINION AND ORDER

In the only claim remaining in this action, plaintiff, a state prisoner, alleges that defendant Diana Steckman, an employee with the Fairfield County Court of Common Pleas ["the court"], refused to timely file a notice of appeal submitted by the plaintiff, resulting in the dismissal, as untimely, of plaintiff's appeal from a decision of that court. On June 30, 2008, the Magistrate Judge issued a *Report and Recommendation,* recommending that the motion for summary judgment filed by defendant Steckman, Doc. No. 60, be granted. Doc. No. 64. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* Doc. No. 67, which the Court will consider *de novo.* 28 U.S.C. §636(b).

In her affidavit submitted in support of the motion for summary judgment, defendant Steckman denied that she refused to file any notice of appeal submitted by plaintiff, denied that she was charged with the duty of filing such notices of appeal, and asserted that it was a different deputy clerk (no longer employed by the court) who was in fact responsible for filing such notices of appeal. *Affidavit of Diana Steckman,* ¶¶4, 5, 8, attached to *Motion for Summary Judgment,* Doc. No. 60.

In his response to the motion for summary judgment, plaintiff asserted that, during the course of a telephone conversation between him

and an otherwise unidentified person in the court's clerk's office, defendant Steckman was identified as "responsible for not filing the matters outlined in the complaint."  *Plaintiff's Declaration*, ¶1, attached to *Plaintiff's Memorandum Opposing Motion for Summary Judgment by Defendant Diana Steckman,* Doc. No. 62.  Plaintiff also submitted the declaration of another individual who avers that she overheard that conversation.  *Declaration of Beulah M. Pryor*, attached to *Plaintiff's Memorandum Opposing Motion for Summary Judgment by Defendant Diana Steckman*, Doc. No. 62.

In recommending that the motion for summary judgment be granted, the Magistrate Judge reasoned:

> The declarations of plaintiff and Beulah M. Pryor are based, not on their own personal knowledge, but on the out of court statement of another, unidentified, person as to defendant Steckman's alleged involvement in the filing of plaintiff's notice of appeal. As previously stated, because this statement is hearsay, the Court cannot consider this statement. Moreover, after excluding this improper hearsay statement, there is no evidence controverting defendant Steckman's assertion that she did not refuse to timely file plaintiff's notice of appeal.

*Report and Recommendation,* at 3, Doc. No. 64.

In his objections, plaintiff complains that "there is no way possible for him to obtain personal knowledge, other than how it was obtained in this situation, (by phone contact and asking questions) because he was incarcerated at this time."  *Plaintiff's Objection to Report and Recommendation,* at p.1, Doc. No. 67.

Rule 56 of the Federal Rules of Civil Procedure, which governs proceedings on summary judgment, requires that a "supporting or opposing affidavit must be made on personal knowledge, [and] set out facts that

2

would be admissible in evidence, ... ." F.R. Civ. P. 56(e) (2007).[1] Hearsay not within one of the prescribed exceptions under the Federal Rules of Evidence simply may not be considered in support of or in opposition to a motion for summary judgment. *Albert v. United States,* 481 F.3d 404, 409 (6th Cir. 2007)(citing *U.S. Structures, Inc. v. J.P. Structure, Inc.*, 130 F.3d 185, 189 (6th Cir. 1997)).

Plaintiff also argues that the hearsay statement offered by him in opposition to the motion for summary judgment should be considered by the Court as an exception to the general rule against hearsay provided by F.R. Evid. 807. That rule provides, in pertinent part, as follows:

> **Residual Exception.** A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. ...

This Court concludes that the hearsay statement made in the declarations proffered by plaintiff does not satisfy the standard of admissibility established by F.R. Evid. 807. First, the statement does not have "equivalent circumstantial guarantees of trustworthiness" as compared to evidence submitted under other hearsay exceptions. For example, plaintiff does not specify when the alleged telephone conversation took place. Although Beulah M. Pryor specified a date, the date that she provided, *i.e.,* "Aug. 2008," *Declaration of Beulah M. Pryor,* attached as Exhibit A, to Doc. No. 62, cannot be correct. Moreover, neither declarant provides the name of the individual who allegedly identified

---

[1] "Hearsay" is defined by F.R. Evid. 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

defendant Steckman as "the person responsible for the matters outlined in the complaint." *Declaration of Anthony Pryor,* ¶1, attached to *Plaintiff's Memorandum Opposing Motion for Summary Judgment of Defendant Diane Steckman,* Doc. No. 62. Although the proffered hearsay statement clearly goes to a "material fact," as is required by Rule 807, plaintiff has not established that the statement is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Rule 807. Plaintiff propounded interrogatories to defendant Steckman, *see* Exhibit D, attached to *Plaintiff's Memorandum Opposing Motion for Summary Judgment by Defendant Diane Steckman*, but those interrogatories did not ask whether defendant Steckman was responsible for processing pleadings such as that submitted by the plaintiff or, indeed, who was responsible for processing such pleadings. Finally, the Court cannot conclude that the "general purposes of [the Rules of Evidence] and the interests of justice will best be served by admission of the statement into evidence." Rule 807. For all these reasons, then, the Court concludes that the hearsay statements of plaintiff and Beulah M. Pryor are not admissible to controvert the evidence submitted in support of defendant Steckman's motion for summary judgment.

Under these circumstances, the Court agrees with the *Report and Recommendation* that plaintiff has proffered no admissible evidence in opposition to the motion for summary judgment sufficient to raise a genuine issue of material fact. Defendant Steckman, the only defendant remaining in this action, is therefore entitled to summary judgment.

Plaintiff's objections to the *Report and Recommendation,* Doc. No. 67, are therefore **DENIED.**

The *Report and Recommendation,* Doc. No. 64, is **ADOPTED** and

**AFFIRMED.** Defendant Steckman's motion for summary judgment, Doc. No. 60, is **GRANTED.**

**The Clerk shall ENTER FINAL JUDGMENT in this action.**

Date: August 7, 2008                    **/s/ John D. Holschuh**
                                        John D. Holschuh, Judge
                                        United States District Court